SONNENBERG *v* FARMINGTON TOWNSHIP

MUNICIPAL CORPORATIONS—SUITS AGAINST OFFICERS—INDEMNITY—ATTORNEY FEES.

> A municipal corporation has the discretionary authority to indemnify a police officer for the expenses he has sustained in the successful defense to criminal or civil charges which arose out of and in the scope and course of his employment for the municipal corporation.

REFERENCES FOR POINTS IN HEADNOTE

56 Am Jur 2d, Municipal Corporations § 208.

Payment of attorneys' services in defending action brought against officials individually as within power or obligation of public body. 130 ALR 736.

Appeal from Oakland, Frederick C. Ziem, J. Submitted Division 2 January 4, 1972, at Lansing. (Docket No. 11907.)   Decided March 24, 1972.

Complaint by William Sonnenberg against Farmington Township and its supervisor for expenses sustained in the successful defense of criminal charges brought against him as the result of the performance of his duty as a police officer. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Gage, Brukoff, Dubin & Siudara* (by *Gary R. Rentrop*), for plaintiff.

*Brennan & Bibeau,* for defendants.

Before: Lesinski, C. J., and McGregor and Quinn, JJ.

Lesinski, C. J.   Plaintiff, William Sonnenberg, brought this action seeking reimbursement for expenses, losses, and damages sustained in the successful defense of criminal charges brought against him as the result of the performance of his duty as a police officer for defendant Farmington Township. The trial court granted defendants' motion for summary judgment on the ground that it was beyond the authority and power of the township to reimburse an employee for attorney fees and other expenses incurred in a defense to a criminal action brought against him, even when plaintiff acted within the scope of employment. Plaintiff appeals as of right.

Both plaintiff and defendants have agreed that there is only one issue before this Court at this time: Does a municipality have the authority to

indemnify a police officer for attorney fees sustained by him in his successful defense of criminal charges which arose out of and in the scope and course of his employment for the municipality?

While this question is one of first impression in this state, the Michigan Supreme Court in *Messmore v Kracht,* 172 Mich 120, 125 (1912), was faced with a similar matter in regard to reimbursing a deputy sheriff for the legal expenses he had incurred in successfully defending himself in a civil action which had arisen while acting within the scope of his employment.

In *Messmore* the Supreme Court held that it was within the discretionary powers of the board of supervisors to indemnify the plaintiff for the legal expenses he had incurred in his successful defense of a civil action arising from the exercise of his official duties. In doing so the Supreme Court stated quite clearly that:

"We think it was within the discretion of the board of supervisors to allow this claim, and it is not for the clerk of the board to nullify their act."

In *Messmore* the Michigan Supreme Court was not called upon to decide whether it would have reached a similar result had a criminal action been involved. The Court did, however, state that certain cases cited by defendant in *Messmore* dealing with "the public against the party claiming indemnity; *i.e.,* impeachment or investigation" were not controlling in the disposition of that case. Contrary to defendants' assertion, this Court is not persuaded that this statement by our Supreme Court had the effect of prohibiting discretionary indemnities in successful criminal defenses by a public employee acting within the scope of his employment. Indeed, such a distinction would appear both arbi-

trary and unreasonable. Where a police officer has successfully defended both civil and criminal charges arising from measures he had taken in the scope of his employment, it would be absurd to limit his possible reimbursement to the civil action only, where both actions might have had their origins in the same incident. Clearly, such a result was never sanctioned by our Supreme Court.

In *City of Corsicana* v *Babb,* 290 SW 736, 737 (Tex Comm App, 1927), the Texas Commission of Appeals held:

"Indemnification of a city officer against liability incurred by reason of an act done by him in the *bona fide* performance of his official duties is a municipal function. That expenditures made in indemnifying the officer against such a liability do not constitute a gratuity, but constitute a public expense of the municipality for which city funds may be used, is sustained by the weight of authority in this country. A city, therefore, is invested with the discretionary power to employ attorneys to defend one of its policemen against a criminal charge founded upon an act done by such officer in the *bona fide* performance of his official duties."

We recognize that the New York courts have rejected the idea of discretionary indemnification in both criminal and civil cases. We feel, however, that Texas has expressed the better rule and the one which is the most compatible with the Michigan Supreme Court's ruling in *Messmore.*

We hold that a municipality has the discretionary authority to indemnify a police officer for the expenses he has sustained in the successful defense to criminal or civil charges which arose out of and in the scope and course of his employment for the municipality. The trial court was therefore in error

in granting defendants' motion for summary judgment.

Reversed and remanded.

All concurred.