[No. 3069–2.  Division Two.  December 20, 1978.]

EDWARD LaMON, ET AL, *Appellants,* v. THE CITY OF WESTPORT, *Respondent.*

*Herbert H. Fuller* and *Fuller & Fuller,* for appellants.

*William E. Morgan,* for respondent.

PEARSON, C.J.—Plaintiffs Edward and Lorraine LaMon appeal from a summary judgment dismissing an action which sought to enjoin the City of Westport from indemnifying its police chief for legal fees he had incurred. These fees were incurred in defense of an action which alleged that the police chief had violated the civil rights of the LaMons by refusing to provide them with police protection.

On appeal, plaintiffs challenge both the authority of the city to indemnify the police chief and the procedure utilized by the city to effect the indemnity. We affirm a summary judgment of dismissal of the action.

A brief factual statement will clarify the issues in this case. In 1974, the plaintiffs brought the civil rights action referred to above against the city's police chief. Defense of this action was tendered to the city's insurance carrier but this tender was refused because the policy had lapsed. The police chief thereupon undertook defense of the plaintiffs' claim and later sought reimbursement for the legal fees he incurred in this defense. The city council considered this matter and passed a resolution to reimburse the police chief. Plaintiffs then commenced this action seeking to compel the city to recover all payments to the police chief.

Both parties moved for summary judgment, with the city's motion being granted.

We first consider whether the city had the power to indemnify its police chief at all. We hold that the City of Westport does have the power to indemnify its officials and employees for attorney fees incurred, at least in a case like the present one, where the official or employee in question is sued as a result of an action or failure to act within the scope of the official's or employee's duties.

█ The City of Westport is organized under the provisions of RCW Title 35A. The legislative body of such a city has extremely broad powers, including, in fact, all powers it is possible for a city to have under the constitution of this state which are not specifically denied to code cities by law.[1] By virtue of RCW 35.23.460,[2] the city clearly could

---

[1]The general grant of power is found in RCW 35A.11.020, which reads:

"Powers vested in legislative bodies of noncharter and charter code cities. The legislative body of each code city shall have power to organize and regulate its internal affairs within the provisions of this title and its charter, if any; and to define the functions, powers, and duties of its officers and employees; within the limitations imposed by vested rights, to fix the compensation and working conditions of such officers and employees and establish and maintain civil service, or merit systems, retirement and pension systems not in conflict with the provisions of this title or of existing charter provisions until changed by the people: *Provided,* That nothing in this section or in this title shall permit any city, whether a code city or otherwise, to enact any provisions establishing or respecting a merit system or system of civil service for firemen and policemen which does not substantially accomplish the same purpose as provided by general law in chapter 41.08 RCW for firemen and chapter 41.12 RCW for policemen now or as hereafter amended, or enact any provision establishing or respecting a pension or retirement system for firemen or policemen which provides different pensions or retirement benefits than are provided by general law for such classes. Such body may adopt and enforce ordinances of all kinds relating to and regulating its local or municipal affairs and appropriate to the good government of the city, and may impose penalties of fine not exceeding five hundred dollars or imprisonment for any term not exceeding six months, or both, for the violation of such ordinances, constituting a misdemeanor or gross misdemeanor as provided therein. The legislative body of each code city shall have all powers possible for a city or town to have under the Constitution of this state, and not specifically denied to code cities by law. By way of illustration and not in limitation, such powers may be exercised in regard to the acquisition, sale, ownership, improvement, maintenance, protection, restoration, regulation, use, leasing, disposition, vacation, abandonment or beautification of public ways, real property of all kinds, waterways, structures, or

purchase insurance to indemnify its employees against the type of expense incurred by the police chief in this case. No statute prohibits the city from, in effect, self-insuring the same risk. *See Sonnenberg v. Farmington Township,* 39 Mich. App. 446, 197 N.W.2d 853 (1972).

Plaintiffs also raise the related issue of whether or not, despite the city's general power to indemnify its officials, payment in this case was proper because of the nature of the police chief's alleged conduct. We hold that the trial court was correct in finding no question of fact existed on this question. We have reviewed the record presented to the trial court, *Highline School Dist. 401 v. Port of Seattle,* 87 Wn.2d 6, 548 P.2d 1085 (1976), and find that, at best, plaintiff demonstrated only an omission by the police chief to provide police protection. Nothing suggests that the actions of the police chief were outside the scope of his official duties. Certainly had the city been a defendant in

---

any other improvement or use of real or personal property, in regard to all aspects of collective bargaining as provided for and subject to the provisions of chapter 41.56 RCW, as now or hereafter amended, and in the rendering of local social, cultural, recreational, educational, governmental, or corporate services, including operating and supplying of utilities and municipal services commonly or conveniently rendered by cities or towns. In addition and not in limitation, the legislative body of each code city shall have any authority ever given to any class of municipality or to all municipalities of this state before or after the enactment of this title, such authority to be exercised in the manner provided, if any, by the granting statute, when not in conflict with this title. Within constitutional limitations, legislative bodies of code cities shall have within their territorial limits all powers of taxation for local purposes except those which are expressly preempted by the state as provided in RCW 66.08.120, RCW 82.36.440, RCW 48.14.020, and RCW 48.14.080."

[2]This statute, which is applicable to the City of Westport by virtue of RCW 35A.11.020 and RCW 35A.21.160, reads:

"Employees' group insurance—False arrest insurance. Any city of the second or third class or town may contract with an insurance company authorized to do business in this state to provide group insurance for its employees including group false arrest insurance for its law enforcement personnel, and pursuant thereto may use a portion of its revenues to pay an employer's portion of the premium for such insurance, and may make deductions from the payrolls of employees for the amount of the employees' contribution and may apply the amount deducted in payment of the employees' portion of the premium."

this action, it could not have escaped liability on the basis that the police chief was acting outside the scope of his duties. Summary judgment against the plaintiff on this issue was thus proper.

■ The other principal issue in this case is the propriety of the procedure used by the city to effectuate its purpose to indemnify the police chief. We hold that the city council could properly act by motion and resolution rather than by a formal ordinance and it did not need to justify its actions by findings of fact or conclusions of law. Generally, the legislative body of a municipal corporation may act by resolution or by ordinance unless a particular mode of action is required by the constitution, a statute, a city charter or another city ordinance. *State ex rel. Sylvester v. Superior Court*, 60 Wash. 279, 111 P. 19 (1910). In this case, there is no constitutional, statutory, charter or ordinance requirement that the indemnification action be taken by a particular form of procedure. The city council was thus empowered to act by resolution, as it did. We note that there is some virtue in a legislative body's establishing, perhaps by ordinance, the criterion or criteria it will use in considering claims for indemnification of the kind raised in this case. However, as we hold above, the city may properly elect not to pass such an ordinance and to proceed by motion without the benefit of such preexisting criteria.

■ There is likewise no requirement that the legislative body of a municipal corporation must make findings of fact and conclusions of law to support its actions. The legislative body is presumed to have been fully informed and to have acted reasonably and in the best interest of the municipal corporation. *Snohomish County Builders Ass'n v. Snohomish Health Dist.*, 8 Wn. App. 589, 508 P.2d 617 (1973). One challenging the action of a municipal corporation's legislative body must demonstrate that the challenged action is arbitrary and capricious or contrary to law. *Tacoma v. Vance*, 6 Wn. App. 785, 496 P.2d 534 (1972). Plaintiffs have made no showing in the present case that the city council did not take action it was empowered to

take by method it could properly use. Summary judgment was thus properly granted to the city.

After oral argument, but before the filing of this opinion, the plaintiffs filed a petition asking for further argument of this case. The gist of this petition is that The Honorable Jack E. Tanner, a Judge of the United States District Court for the Western District of Washington, on October 13, 1978, entered a judgment awarding plaintiffs compensatory and punitive damages against the Westport Chief of Police. We are asked to judicially notice this judgment, to schedule further argument in this case, and to consider remanding this case to Superior Court for further proceedings. We decline to grant any of the requested relief.

First of all, it would be inappropriate for this court to decide this case on evidence not put before the trial court. Nothing in the record shows that the evidence before the federal court was newly discovered so that it could not have been placed before the trial court in this case by affidavit in opposition to the city's motion for summary judgment. CR 56, CR 60(b)(3).

More importantly, the United States District Judge's finding that the police chief willfully refused equal police protection to plaintiffs does not change the result of this case or render the action of the city in indemnifying the police chief illegal. Plaintiffs admit in this petition that the United States District Court found that the police chief was acting under color of state law and his office when he engaged in the activity that led that court to find liability. As we have held above, the City of Westport has the power to indemnify its officials and employees for attorney fees incurred in suits resulting from an action or failure to act within the scope of the employee's or official's duties. The existence of the federal judgment thus does not per se render the action of the city council in indemnifying the police chief arbitrary or capricious.

Indeed, an after–the–fact judicial determination such as the federal court judgment in this case may not be

used to render a legislative decision, made before the judicial action occurred, arbitrary and capricious. A legislative body acts on the basis of the facts as they exist at the time the action is taken. It cannot be expected to foretell the future. *Silver Shores Mobile Home Park, Inc. v. Everett,* 87 Wn.2d 618, 555 P.2d 993 (1976).

Judgment affirmed.

PETRIE and SOULE, JJ., concur.