[No. 3756–II.   Division Two.   August 25, 1981.]

ROBERT HENRY, *Respondent,* v. THE TOWN OF OAKVILLE, ET AL, *Appellants.*

*Dan Glenn* and *Buzzard & Glenn,* for appellants.

*Jack L. Burtch,* for respondent.

*Maureen J. Dightman* and *Cynthia M. Weed,* amici curiae.

PETRIE, J.—The Town of Oakville appeals an adverse judgment in an action in which plaintiff, Robert Henry, successfully challenged the validity of the notice requirements of the Open Public Meetings Act of 1971 for special and adjourned meetings. RCW 42.30.080–.090. The trial court invalidated three town ordinances which had authorized a bond issue for water system improvements and established new water rates to repay the bond debt. The threshold issue before this court, however, is whether the trial court had authority to resolve the issues presented when the holder of the bonds was neither named nor served as a party defendant. We conclude that it did not have authority to consider the validity of these ordinances in the absence of the bondholder.

The 1970 comprehensive water and sewer plan for Grays Harbor County recommended construction of certain water system improvements for the Town of Oakville, a fourth class town of 625 inhabitants.[1] The town council decided to finance the improvements through water system bonds. On October 15, 1973, at a council meeting "continued" from a

---

[1] In 1977, the Town of Oakville adopted the optional municipal code, RCW Title 35A, and became the City of Oakville. The events involved in this action occurred while Oakville was a town, however, and we therefore retain that designation in this opinion.

regular meeting of October 8, the council enacted ordinance No. 283 authorizing a $32,000 bond issue. Pursuant to payment provisions in the ordinance, the town later enacted two ordinances increasing water rates to pay the bond debt (ordinances Nos. 287 and 289).

Plaintiff objected to the new water system. After his initial protests against the system proved ineffective, he brought this action seeking (1) a judgment declaring that the ordinances had been adopted contrary to law and were void; (2) an injunction against future enforcement of the ordinances; (3) damages from the individual council members; and (4) attorney's fees and costs. The only defendants named were the town itself and the individuals who were members of the town council at the times it acted on these ordinances. Before the case went to trial, the town council met in a regular session and ratified each ordinance. The ratification ordinances are not in evidence.

After a bench trial, the court ruled that the Open Public Meetings Act of 1971 required advance written notice of special and adjourned meetings be given to local newspapers, regardless of whether the newspapers had filed a request for such notice. Because the town council provided no such notice for the special and adjourned meetings at which the ordinances were approved, the court held they were void under the act. RCW 42.30.060.[2] The trial court specifically rejected proposed findings of fact intended to reflect that proper notices of adjourned meetings had been posted pursuant to RCW 42.30.090 and that proper notices had been posted after passage of the basic ordinances pursuant to RCW 35.27.300.[3] Nevertheless, the court failed to

---

[2]*But see Kirk v. Pierce County Fire Protection Dist. 21,* 95 Wn.2d 769, 630 P.2d 930 (1981) in which the court declared that written notice of special meetings need only be given to those media who have filed a request therefor.

[3]RCW 42.30.090 provides in part: "Whenever any meeting is adjourned a copy of the order or notice of adjournment shall be conspicuously posted immediately after the time of the adjournment on or near the door of the place where the regular, adjourned regular, special or adjourned special meeting was held."

RCW 35.27.300 provides:

find that the proper notices had *not* been posted. The court also ruled that the ratification had been invalid.[4] In a post-trial brief filed in support of its motion for reconsideration, the town for the first time challenged the court's jurisdiction on the ground the bondholder was not a party. The record before us does not contain the trial court's express response to this objection. Nevertheless, the court entered judgment. We therefore infer that the motion for reconsideration was considered and denied. Defendant Town appealed.

We turn first to the question whether the trial court had jurisdiction to proceed in a declaratory judgment action challenging the validity of ordinances authorizing the issuance of municipal bonds and providing for their payment in the absence of the bondholder, here the Farmers Home Administration of the United States Department of Agriculture. The failure to join an affected party in a declaratory judgment action relates directly to the trial court's jurisdiction. *Williams v. Poulsbo Rural Tel. Ass'n,* 87 Wn.2d 636, 643, 555 P.2d 1173 (1976). An objection grounded in the failure to join an affected party may properly be considered for the first time on appeal. *Williams v. Poulsbo Rural Tel. Ass'n, supra*; RAP 2.5(a). Thus, defendant's bringing the matter to the trial court's attention on a motion for reconsideration was timely.

Plaintiff would avoid the application of the Uniform Declaratory Judgments Act provisions relating to parties, RCW 7.24.110, and ignore the fact his complaint was labeled one for declaratory relief. Instead, plaintiff argues this court should apply the joinder rules of CR 19(a). Whether we apply the statute or the rule, however, we con-

---

"Every ordinance shall be published at least once in a newspaper published in the town or, if there is no such newspaper, it shall be printed and posted in at least three public places therein."

[4]In addition, the court dismissed the action against individual council members because it found they had not knowingly violated the act. *See* RCW 42.30.120.

clude the bondholder was a necessary party to this action and the court should not have considered the merits of the ordinances.

RCW 7.24.110 provides in part:

When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

The bonds are revenue bonds, issued pursuant to the town's authority under RCW 35.92.100 and payable only from

the special fund of the Town known as the "Farmers Home Administration Water Revenue Bond Redemption Fund" . . .

Ordinance No. 283. The authorizing ordinance established the special fund to pay and secure the principal and interest on the bonds. The ordinance required the town to impose and collect rates and charges sufficient to permit the fund to meet the town's obligations on the bonds. To ensure these obligations were met, the town council therefore enacted ordinance No. 287, revising the town water rates. Later, the town council enacted ordinance No. 289 as an amendment to ordinance No. 287 to provide separate rates for industrial users.

As provided in ordinance No. 283, the bonds were duly issued and sold to the Farmers Home Administration. The first payment was due January 1, 1976, with annual payments due thereafter for 40 years. The judgment before this court, however, declares all three ordinances null and void. As plaintiff requested, the judgment also forever enjoins the town from enforcing these ordinances or taking any further action regarding the authority granted in them.

■ Plaintiff argues that the bondholder's interest is not "affected" by this declaration and the bondholder is not prejudiced. He points out in support of his argument that the bondholder, as a good-faith purchaser, could maintain an independent and probably successful action to recover

on the bonds despite the invalidity of the ordinances. *Thompson v. Perrine,* 103 U.S. 806, 26 L. Ed. 612 (1881) (judgment that bonds invalid of no effect on bona fide purchaser not party to action and said judgment no defense to action by bondholders on bonds); *see also Johnson v. Berg,* 147 Wash. 57, 265 P. 473 (1928); RCW 35.92.100; RCW 62A.8–202(2)(b). While we acknowledge the availability of such a remedy, we do not interpret this availability to disqualify the bondholder as a person claiming "an interest which would be affected by the declaration" of invalidity. On the contrary, the very fact this judgment leaves the bondholder in a position in which it must sue to enforce its rights demonstrates to us its qualification as a party with an affected interest. The declaratory judgment statute requires that such a party be joined.

Furthermore, CR 19(a) provides in part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (A) *as a practical matter* impair or impede his ability to protect that interest . . .

(Italics ours.)

A necessary party under CR 19(a) has recently been defined definitively as one who "has sufficient interest in the litigation that the judgment cannot be determined without affecting that interest or leaving it unresolved." *Harvey v. Board of County Comm'rs,* 90 Wn.2d 473, 474, 584 P.2d 391 (1978). It is clear, as we have already indicated, that the Farmers Home Administration has an interest in the subject matter such that the judgment would affect its interest and would, in fact, impede its ability to protect that interest.

Plaintiff's reliance on 28 U.S.C. § 1491 as a bar to state jurisdiction is misplaced. That statute merely gives the United States Court of Claims jurisdiction to hear contract

actions against the United States, *United States v. King,* 395 U.S. 1, 3, 23 L. Ed. 2d 52, 89 S. Ct. 1501 (1969). Although the bondholder would be joined as a party defendant, this action is clearly not a contract action against the federal government. Plaintiff's argument based on 28 U.S.C. § 1491 is therefore without merit.

From the foregoing analysis it is clear that under both RCW 7.24.110 and CR 19(a), the Farmers Home Administration should have been a party to this lawsuit. *See, e.g., Stallcup v. Tacoma,* 13 Wash. 141, 42 P. 541 (1895), *appeal dismissed,* 165 U.S. 719, 41 L. Ed. 1185, 17 S. Ct. 998 (1897); *Northwest Greyhound Kennel Ass'n v. State,* 8 Wn. App. 314, 506 P.2d 878 (1973).

Having determined that the trial court and this court lack jurisdiction to proceed, we would ordinarily remand with direction to dismiss unless the bondholder is joined as a party hereto within 90 days of the mandate issued herein. *See Williams v. Poulsbo Rural Tel. Ass'n, supra.* Before remanding, however, we are constrained to express guidelines to aid in whatever proceedings might follow in light of the trial court's ruling that the town council's subsequent ratification was ineffective.

■ The well established rule is that where a governing body takes an otherwise proper action later invalidated for procedural reasons only, that body may retrace its steps and remedy the defects by reenactment with the proper formalities. *Jones v. Centralia,* 157 Wash. 194, 212, 220, 289 P. 3 (1930); *LaRose v. King County,* 20 Wn. App. 808, 814, 584 P.2d 393 (1978); 4 E. McQuillin, *Municipal Corporations* 597–98 (3d ed. rev. 1979); 64 Am. Jur. 2d *Public Securities and Obligations* § 381 (1972); *see generally Board of Supervisors v. Schenck,* 72 U.S. (5 Wall.) 772, 18 L. Ed. 556 (1867); *see also Spokane Educ. Ass'n v. Barnes,* 83 Wn.2d 366, 378, 517 P.2d 1362 (1974). Appropriate legislation authorizes towns to provide for water system improvements, to issue bonds to finance such improvements, and to create special funds for revenues to pay off the bond debt. *See, e.g.,* RCW 35.92.100 *et seq.* Ordinances

enacted in the exercise of a municipality's power are presumed valid. 56 Am. Jur. 2d *Municipal Corporations* §§ 355, 382 (1971); *see Seattle v. Wright,* 72 Wn.2d 556, 559, 433 P.2d 906 (1967). A person challenging the validity of municipal legislative action has the burden to show the action taken was improper and thus rebut the presumption. *See LaMon v. Westport,* 22 Wn. App. 215, 219, 588 P.2d 1205 (1978). We see no evidence of any procedural or substantive improprieties in the enactment of the ratification ordinances unless some impropriety lies in the factually unresolved areas of whether the town complied with the provisions of RCW 42.30.090 and 35.27.300.

> [W]here the procedure followed has not been in accordance with law, proceedings had thereunder must be held void; but this nowise precludes the ultimate municipal authority, . . . from again exercising in a lawful manner its authority for the purpose of correcting errors and mistakes due, not to a basic want of power, but to defective procedure which has, in some respects, caused the municipal machinery to cease to function.

*Jones v. Centralia,* 157 Wash. at 212.

Accordingly, the judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

REED, C.J., and PETRICH, J., concur.

Reconsideration denied November 6, 1981.

Review denied by Supreme Court January 22, 1982.