484

[No. 28916-4-II. Division Two. July 1, 2002.]

PAUL TREYZ, *Individually and on Behalf of Pierce County District Court Three, Respondent*, v. PIERCE COUNTY, ET AL., *Appellants*.

*Gerald A. Horne, Prosecuting Attorney*, and *Frank H. Krall, Deputy*, for appellants.

*Paul Treyz*, pro se.

*Richard F. DeJean*, for respondent.

MORGAN, J. — On April 16, 2002, members of the Pierce County Council introduced an ordinance to consolidate district courts. On April 24, 2002, the County published notice of the proposed ordinance in the County's official newspaper. On April 30, 2002, the Council adopted the ordinance as amended. Two of the affected judges appealed to the superior court, which ruled that the Council had not followed the proper procedures. The County then appealed here.

■ Pierce County has a home rule charter, under which it has adopted the Pierce County Code. Pierce County Charter 2.45(2) provides, "Ordinances, or summaries of them, . . . shall be published when the ordinances are proposed and again upon enactment." Pierce County Code 1.28.110(A) provides, "Publication of the notice of public hearing of an Ordinance shall be in the County official newspaper . . . ." Pierce County Code 1.28.110(D) provides, "Publication as set forth above [in 1.28.110(A)] shall occur at the time of introduction and after final adoption by the Council."

Although the Code does not specify a minimum number of days between introduction and passage, the Charter does. Section 2.45(5) states, "At least thirteen (13) days shall pass between the introduction and the final passage of every ordinance," subject to an exception not pertinent here.

Read together, these provisions establish three propositions directly and a fourth by necessary inference. First, the County must publish notice of a proposed ordinance in its official newspaper. Second, it must do so when the ordinance is introduced (i.e., proposed) and again when the ordinance is finally passed. Third, a minimum of 13 days must elapse between introduction and final passage. Necessarily then, a minimum of 13 days must also pass between publication of notice and final passage.

In this case, the County published notice on April 24. Being only six days before final passage, this did not meet the County's own requirements. For this reason, the superior court did not err.

The foregoing issue is dispositive, so we do not reach any of the other issues raised by the parties.

At oral argument, all parties waived any right to seek reconsideration. Accordingly, this opinion is not subject to reconsideration and shall be final when filed.

Affirmed.

HUNT, C.J., and BRIDGEWATER, J., concur.

Review denied at 148 Wn.2d 1011 (2003).