[No. 29301-3-II.   Division Two.   September 16, 2003.]

PAUL TREYZ, *Individually and on Behalf of Pierce County District Court 3, Appellant*, v. PIERCE COUNTY, *Respondent.*

*Paul Treyz*, pro se.

*Gerald A. Horne, Prosecuting Attorney*, and *Bertha B. Fitzer, Deputy*, for respondent.

ARMSTRONG, J. — Paul Treyz appeals summary judgment dismissal of his challenge to a series of Pierce County (County) ordinances that consolidated the County's district courts. Treyz, a part-time district court judge whose position was eliminated by the consolidation ordinances, argues that the Pierce County Council did not timely propose the

ordinances and that no valid emergency allowed the council to make the ordinances immediately effective. But Treyz failed to join the current district court judges who were elected under the new ordinances. Because these judges are necessary parties to this action, the trial court did not have jurisdiction to decide the case. Accordingly, we vacate the summary judgment and remand for Treyz to join all necessary parties within 90 days; otherwise, the action will be dismissed.

## FACTS

This case concerns a series of ordinances that the Pierce County Council adopted in 2002 to consolidate the County's district courts. The ordinances "provided for the consolidation of all four Pierce County District Courts into a single Pierce County District Court" and "made all District Court judges full-time and eliminated electoral districts." Clerk's Papers (CP) at 157.

The council adopted the first ordinance in April 2002. Treyz challenged the ordinance (2002-41s3). Ruling that the County had not made adequate findings and had not provided sufficient notice, the superior court invalidated the ordinance. We affirmed, holding that the council had not allowed the required minimum of 13 days between publishing the first notice of the proposed ordinance and final passage of the ordinance. *Treyz v. Pierce County*, 112 Wn. App. 484, 485, 49 P.3d 892 (2002), *review denied*, 148 Wn.2d 1011 (2003).

Meanwhile, the County proposed another ordinance, 2002-73s, identical in substance to the April 2002 ordinance, aimed at correcting the procedural defects of the original ordinance.[1] The County published notice of the

---

[1] Treyz explains that the County first introduced Ordinance 2002-73 but then ended up passing 2002-73s, a substitute bill it identified as an emergency ordinance. He explains that while the effect of 2002-73s was the same, it included findings and language not included in the earlier versions of the ordinance. But he cites only to a notice of the public meeting concerning 2002-73; he does not provide the text of either the April 2002 ordinance or Ordinance 2002-73. We, therefore,

public hearing on June 19 and June 26, 2002. It had scheduled a final hearing on the ordinance on July 2, but changed the date after reading our July 1 decision requiring a minimum of 13 days between notice and the final hearing. Believing that the July 2 hearing left "arguably . . . 12 days, rather than 13, between the date of publication and the date of final hearing," the County continued the final hearing to July 9. CP at 144.

This continuance, however, created other timing problems for the County. A statute required the county auditor to designate and number judicial offices at least 10 days before the time for judicial candidates to file. This filing period would begin on July 22, so the auditor had to designate and number the judicial offices by July 12. But regularly-enacted ordinances do not take effect until 10 days after the county executive signs them. Thus, enacting a regular ordinance at the July 9 hearing would not allow time for the ordinance to take effect in the current election year. Because any change in the County's districting plan that would shorten any judge's term cannot take effect until the next regular election, a regularly-enacted ordinance would not have taken effect until 2006. *See* RCW 3.38.040.

An emergency ordinance, however, would take effect immediately. The County found cause for enacting an emergency ordinance: the County was experiencing an "enormous economic strain" and a widening gap between service demands and fiscal resources; the County needed to become more efficient; consolidation would serve the "best interests and welfare of the County as a whole" and would save the County over $300,000 per year; and there was a "procedural quagmire" formed by our first *Treyz* opinion and the timelines for election filings and ordinance effective dates. CP at 160, 161, 163. The council accordingly found "that an emergency exist[ed] and that this Ordinance [was] necessary for the immediate preservation of the public

recite the facts based on the findings and statements included in Ordinance 2002-73s. This is the ordinance that passed, and this is the only ordinance included in the record before us.

peace, health, or safety, or support of the County government and its existing institutions." CP at 164.

Treyz filed an action to enjoin the emergency ordinance and asked the court to enter judgment, finding the ordinances null and void. But the trial court upheld the ordinance on summary judgment and dismissed Treyz's claims.

## ANALYSIS

■ The County argues that the eight district court judges who were elected were necessary parties to this lawsuit. It contends that the trial court lacked jurisdiction because Treyz failed to join these parties. Because failure to join necessary parties "relates directly to the trial court's jurisdiction," a party may raise this issue for the first time on appeal. *Henry v. Town of Oakville*, 30 Wn. App. 240, 243, 633 P.2d 892 (1981).

Under RCW 7.24.110, "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." If the challenge involves a municipal ordinance, the municipality shall be made a party. RCW 7.24.110. This statute should be liberally construed. RCW 7.24.120.

■■ The trial court lacks jurisdiction if the necessary parties are not joined. *Henry*, 30 Wn. App. at 243, 246. A party is necessary if " 'a complete determination of a controversy cannot be had' " without its presence. *Town of Ruston v. City of Tacoma*, 90 Wn. App. 75, 82, 951 P.2d 805 (1998) (quoting *Williams v. Poulsbo Rural Tel. Ass'n*, 87 Wn.2d 636, 644, 555 P.2d 1173 (1976)). Stated another way, a necessary party is "one whose ability to protect its interest in the subject matter of the litigation would be impeded by a judgment." *Primark, Inc. v. Burien Gardens Assocs.*, 63 Wn. App. 900, 907, 823 P.2d 1116 (1992). The party must have a sufficient interest "such that [a] judg-

ment cannot be determined without affecting that interest." *Primark*, 63 Wn. App. at 907.

In *Ruston*, Ruston and Tacoma were involved in a boundary dispute. Tacoma argued that the former landowner and current lessee were necessary parties and that all Tacoma and Ruston residents were necessary parties. *Ruston*, 90 Wn. App. at 81. We disagreed. The residents were not necessary parties because the municipalities represented the interests of their residents. *Ruston*, 90 Wn. App. at 82. And the landowners were not necessary parties because "[a]lthough the legal relationships between [the former landowner and current lessee] and the municipalities might change as a result of this action, such changes are speculative and secondary to the issue at hand." *Ruston*, 90 Wn. App. at 82.

On the other hand, a bondholder was a necessary party to an action challenging ordinances that authorized a bond issue and increased water rates to pay the bond debt. *Henry*, 30 Wn. App. at 241-44. Henry argued that the bondholder's interest was not affected because it could sue to recover the bonds, even if the court decided the ordinances were invalid. *Henry*, 30 Wn. App. at 244-45. We held, to the contrary, that this very possibility illustrated that the bondholder had an "affected interest" and was, therefore, a necessary party. *Henry*, 30 Wn. App. at 245.

In *Williams v. Poulsbo Rural Telephone Ass'n*, 87 Wn.2d 636, 555 P.2d 1173 (1976), a former employee of a dissolved corporation sought a declaratory judgment about her right to a pension plan and a profit-sharing plan from the takeover corporation's parent corporation. The court held that the parent corporation and profit-sharing plan beneficiaries were necessary parties because the decision would affect their rights. *Williams*, 87 Wn.2d at 646-47.[2]

---

[2] *Williams* was overruled to the extent that it suggested that litigation could be efficiently managed without requiring parties to timely apply to intervene. *Chem. Bank v. Wash. Pub. Power Supply Sys.*, 102 Wn.2d 874, 888 n.4, 691 P.2d 524 (1984). In *Chemical Bank*, trustees for bondholders holding bonds that financed the Washington Public Power Supply System nuclear plants sought a declaratory

■ Treyz asserts, without authority, that none of the sitting district court judges would lose their jobs even if we invalidate the ordinance. Essentially, he urges us to invalidate the ordinance as to him, but to uphold the ordinance as to the current district court judges. This is an impossible and unreasonable result. If the ordinance is invalid, all action taken under the ordinance is invalid as well, including the election of the current sitting judges. Thus, the decision on Treyz's claim will affect the rights of the judges who were elected under the consolidation ordinances; it will determine whether they retain their positions. And unlike *Ruston*, these judges' interests are not represented, and more than a change in legal relationship is at stake. Treyz has failed to join those parties who have the biggest stake in the outcome of this litigation.

■ We follow *Henry* and *Williams* and remand with direction to dismiss unless the necessary parties are joined within 90 days of the mandate issued in this case. *Henry*, 30 Wn. App. at 246; *Williams*, 87 Wn.2d at 649.

Remanded.

SEINFELD and HOUGHTON, JJ., concur.

Review denied at 151 Wn.2d 1022 (2004).

judgment. Other bondholders attempted to intervene, but the Supreme Court denied intervention because it was untimely. This ruling does not affect our decision here.