[No. 79971-7. En Banc.]
Argued May 29, 2007.    Decided August 9, 2007.

MELANIE MORIN, *Appellant*, v. CLARENCE HARRELL ET AL., *Respondents*.

*William G. Simmons*, for appellant.

*Douglas W. Nicholson* (of *Cone Gilreath Ellis Cole & Anderson*), for respondents.

*Robert H. Lavitt* on behalf of Service Employees International Union 775, amicus curiae.

*Robert M. McKenna, Attorney General*, and *Anastasia R. Sandstrom* and *Carol A. Murphy, Assistants*, on behalf of Washington State, amicus curiae.

¶1 J.M. JOHNSON, J. — Article II, section 19 of our constitution provides that "[n]o bill shall embrace more than one subject" and requires that the subject "shall be

expressed in the title."[1] Violation of either the single subject rule or the subject in title rule exposes a law to constitutional challenge.[2] However, such a challenge is precluded when the allegedly constitutionally infirm legislation has been subsequently reenacted or amended pursuant to properly titled legislation. Such amendment or reenactment cures the article II, section 19 defect.[3]

¶2 In the present case, Clarence and Hazel Harrell (Respondents) seek to raise an article II, section 19 challenge to Initiative 518 (I-518).[4] Enacted by the people of Washington in 1988, I-518 amended chapter 49.46 RCW (Minimum Wage Act or MWA) by, among other things, replacing the exemption for domestic service providers with an exemption limited to individuals employed in casual labor.[5] Since the codification of I-518 at RCW 49.46.010 in 1989, there have been multiple subsequent amendments to the statute.[6] The Respondents do not challenge the titles of these later statutes, and they are presumed constitutional. In accordance with our recent decision in *Pierce County v. State*, 159 Wn.2d 16, 39-41, 148 P.3d 1002 (2006), we hold that the Respondents' article II, section 19 challenge is precluded by these subsequent amendments.[7] Therefore, we reverse the trial court's grant of summary judgment to the Respondents.

---

[1] *See City of Fircrest v. Jensen*, 158 Wn.2d 384, 390, 143 P.3d 776 (2006) (citing *State ex rel. Citizens Against Tolls v. Murphy*, 151 Wn.2d 226, 249, 88 P.3d 375 (2004)), *cert. denied*, 127 S. Ct. 1382 (2007).

[2] *Jensen*, 158 Wn.2d at 390.

[3] *Pierce County v. State*, 159 Wn.2d 16, 39-41, 148 P.3d 1002 (2006).

[4] We have applied article II, section 19 to initiatives, although initiatives are not referred to as "bills" in the constitution. *See Wash. Fed'n of State Employees v. State*, 127 Wn.2d 544, 552-55, 901 P.2d 1028 (1995).

[5] Laws of 1989, ch. 1, § 1.

[6] *See* Laws of 1993, ch. 281, § 56; Laws of 1997, ch. 203, § 3; Laws of 2002, ch. 354, § 231.

[7] The parties failed to raise the applicability of this court's decision in *Pierce County* in their initial briefs. In accordance with RAP 12.1, this court requested supplemental briefing on this point prior to argument.

FACTS AND PROCEDURAL HISTORY

¶3 In 1996, Hazel Harrell suffered a debilitating stroke. As a result, she and her husband, Clarence Harrell, began to employ caregivers to provide in-home assistance to Mrs. Harrell. In 2001, the Respondents hired appellant Melanie Morin as a caregiver. Eventually Morin became the head caregiver, assuming responsibilities for coordinating the schedules of the other caregivers employed by Respondents. Although she frequently worked over 40 hours per week, Morin was not paid any overtime wages by Respondents. In the summer of 2004, Morin asked Mr. Harrell whether she was entitled to overtime wages. He told her she was not. In 2005, Morin's employment with Respondents ended. Approximately five months later, Morin filed suit against Respondents.

¶4 Appellant sued her former employers claiming that she was entitled to $11,871 in overtime pay under chapter 49.46 RCW in light of the amendment to RCW 49.46-.010(5)(b) effected by I-518.[8],[9] After answering Morin's complaint, Respondents filed a motion for summary judgment. Respondents argued that they were entitled to judgment as a matter of law because I-518, insofar as it eliminated the exemption to the MWA for individuals employed in "domestic service," violated article II, section

---

[8] Prior to 1988, RCW 49.46.010(5)(b) provided that, for purposes of the MWA, the term "employee" did not include "[a]ny individual employed in domestic service in or about a private home." LAWS OF 1989, ch. 1, § 1. As part of I-518, this statutory provision was amended to provide that the term "employee" does not include "[a]ny individual employed in casual labor in or about a private home, unless performed in the course of the employer's trade, business, or profession." *Id.*

[9] Morin has apparently based her wages calculation on a minimum wage figure of $6.00. However, it is unclear from the record whether this is the applicable figure for the entire period of Morin's employment by Respondents or whether Morin's total accounts for the three-year statute of limitations are applicable to all MWA claims. *See Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 139 Wn.2d 824, 837, 991 P.2d 1126 (2000) (holding the three-year statute of limitations of RCW 4.16.080(3) applies to MWA claims). The trial court did not resolve these matters as it granted summary judgment to Respondents.

19 of our state constitution. Former RCW 49.46.010(5)(b) (1989). The trial court granted Respondents' motion, concluding that I-518 violated the subject in title rule of article II, section 19. The court denied Morin's motion for reconsideration. Morin appealed to Division Three of the Court of Appeals. Before the case was argued, it was transferred to this court for direct review. RAP 4.4.

ANALYSIS

A. Standard of Review

■ ¶5 The overarching question presented in this case is the propriety of the trial court's grant of summary judgment to Respondents. When reviewing an order of summary judgment, this court engages in the same inquiry as the trial court. *Citizens for Responsible Wildlife Mgmt. v. State*, 149 Wn.2d 622, 630, 71 P.3d 644 (2003) (citing *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982)). Summary judgment is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

■ ¶6 None of the trial court's factual findings have been challenged; thus they are verities on appeal. *In re Contested Election of Schoessler*, 140 Wn.2d 368, 385, 998 P.2d 818 (2000). Moreover, appellant concedes that she would have been exempt from the overtime law under former RCW 49.46.010(5)(b),[10] while Respondents concede that appellant would be entitled to overtime if the current version of the statute is deemed valid.[11] We express no opinion as to

---

[10] While there does not appear to be any Washington law directly on point, both parties cite to the Fair Labor Standards Act (FLSA) for the proposition that "domestic service" includes the type of care giving services provided by appellant. Specifically, they point to 29 U.S.C. § 213(a)(15), which provides an exemption to the FLSA for "any employee employed . . . in *domestic service* employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves." (Emphasis added.)

[11] The Department of Labor and Industries has indicated in a policy statement that "casual labor" is limited to work that is "irregular, uncertain or incidental in nature and duration" and has explicitly stated that "[e]mployment of housekeepers, caregivers, or gardeners on a regular basis is not considered 'employed in

either issue. Ultimately, the sole question before this court is whether Respondents were entitled to judgment as a matter of law based on the alleged unconstitutionality of I-518.

## B. Subsequent Amendment as a Bar to an Article II, Section 19 Challenge

¶7 Appellant claims that the trial court's grant of summary judgment should be reversed because Respondents' constitutional claim is prohibited due to multiple, subsequent amendments to the statutory provision at issue. Respondents contend that the subsequent amendments to RCW 49.46.010 did not cure its constitutional defect. The trial court reached the merits of Respondents' article II, section 19 challenge and determined that I-518's ballot title violated the subject in title rule. We hold that the subsequent amendments to RCW 49.46.010 cured any alleged defect in the title of I-518. Accordingly, we reverse the trial court's grant of summary judgment to Respondents.

¶8 In *Pierce County*, 159 Wn.2d at 39-41, this court indicated that when a statute is challenged on the basis that its title violates article II, section 19, a later amendment to or reenactment of the statute supersedes and therefore "cure[s] any defect" in the earlier legislation. The statutory provision at issue in the present case, RCW 49.46.010, was amended to eliminate the exception to the MWA for domestic service providers in 1989 pursuant to I-518. *See* LAWS OF 1989, ch. 1, § 1. Since that time, the legislature has amended RCW 49.46.010 at least three times. *See* LAWS OF 1993, ch. 281, § 56; LAWS OF 1997, ch. 203, § 3; LAWS OF 2002, ch. 354, § 231. As part of each amendment, the legislature has maintained the "casual labor" exclusion under RCW 49.46.010(5)(b), which replaced the domestic service providers exception, pursuant to I-518. Under *Pierce County*, 159 Wn.2d at 41, these amendments

---

casual labor' and such workers may be subject to the protections of the MWA." Clerk's Papers at 29; *see also* RCW 50.04.270 (for purposes of state unemployment compensation scheme, "[t]he term 'employment' shall not include casual labor [and] domestic services . . . shall not be deemed to be casual labor").

to RCW 49.46.010 cured any defects in the 1989 amendment process.[12] *See also Eugster v. City of Spokane*, 110 Wn. App. 212, 228-29, 39 P.3d 380 (2002) (challenge to city council's improper adoption of employment selection process under chapter 42.30 RCW (Open Public Meetings Act of 1971) barred by subsequent, proper adoption of a rule codifying the new process); *Henry v. Town of Oakville*, 30 Wn. App. 240, 246-47, 633 P.2d 892 (1981) (challenge to ordinance on grounds of improper enactment under the Open Public Meetings Act of 1971 barred by subsequent, proper reenactment of said ordinance).

¶9 Respondents contend that the principle articulated in *Pierce County*—that an improper legislative act may be cured by subsequent proper amendment or reenactment—can never be applied to bar an article II, section 19 challenge because such challenges are substantive rather than procedural. However, this assertion is directly at odds with the language of this court's *Pierce County* opinion, which explicitly discussed the principle of cure by subsequent amendment as applied to an article II, section 19 challenge. 159 Wn.2d at 39-41. Moreover, in *Pierce County*, this court expressly acknowledged the procedural nature of article II, section 19 challenges when it described the applicable rule of law as follows: " '[W]here a governing body takes an otherwise proper action later invalidated *for procedural reasons only*, that body may retrace its steps and remedy the defects by reenactment with the proper formalities.' " 159 Wn.2d at 40 (emphasis added) (alteration in original) (quoting *Henry*, 30 Wn. App. at 246-47). This court made a similar reference in *Washington Federation of State Employees v. State*, 127 Wn.2d 544, 556, 901 P.2d 1028 (1995), describing an article II, section 19 challenge as an

---

[12] The title of the 1993 legislation was "AN ACT Relating to state government; amending RCW . . . 49.46.010." Laws of 1993, ch. 281. The title of the 1997 legislation was "AN ACT Relating to overtime compensation for commissioned salespersons; amending RCW . . . 49.46.010." Laws of 1997, ch. 203. The title of the 2002 legislation was "AN ACT Relating to personnel; amending RCW . . . 49.46.010." Laws of 2002, ch. 354. The amendment challenged by Respondents is reasonably germane to the general titles of both the 1993 and 2002 laws.

issue that "relates to constitutional form" and "legislative procedure." In sum, Respondents' attempt to distinguish *Pierce County* on this ground of procedural versus substantive challenges is unpersuasive.

¶10 Respondents additionally assert that our decision in *Pierce County* is not dispositive because "no subsequent reenactment of Washington's Minimum Wage Act has occurred to cure the constitutional defect underlying RCW 49.46.010(5)(b)." Answer to Amicus at 11. Specifically, they argue that because the subsequent amendments to RCW 49.46.010 did not specifically alter the text of subsection (5)(b), which was modified by I-518, they are insufficient to cure I-518's alleged constitutional defect. This argument for distinguishing *Pierce County* also fails in light of a careful examination of the subsequent amendment at issue therein.

¶11 The allegedly defective 1993 law at issue in *Pierce County* eliminated language in former RCW 81.112.030 (1992) referencing a requirement that the public vote on ratification of the formation of a regional transit authority. *See* LAWS OF 1993, 1st Spec. Sess., ch. 23, § 62. In 1994, the legislature further amended this provision, leaving out the reference to public voting on ratification that was previously eliminated in 1993. *See* LAWS OF 1994 ch. 44, § 1. This court held that the alleged title defect of the 1993 law was cured by the passage of the 1994 amendment, which was presumed to be properly titled. *Pierce County*, 159 Wn.2d at 40-41. Here, Respondents allege that I-518 improperly eliminated from RCW 49.46.010 the exemption to the MWA for domestic service providers. However, in 1993 the legislature amended RCW 49.46.010, leaving out the same language as was eliminated under I-518. There is no allegation or indication that the 1993 law was improperly titled. Thus, contrary to the suggestion of Respondents,

there has been a subsequent amendment to RCW 49.46.010 analogous to that deemed curative in *Pierce County*.[13]

¶12 In sum, Respondents offer no valid basis for distinguishing *Pierce County*. In accordance with this court's decision in that case, we hold that the challenge to I-518 is precluded by subsequent amendments to RCW 49.46.010.

CONCLUSION

¶13 We hold that an article II, section 19 challenge to I-518 is precluded by the several subsequent amendments to the statute first amended by that 1988 initiative (RCW 49.46.010). Thus, we reverse the trial court's summary judgment and remand for further proceedings not inconsistent with this opinion.

ALEXANDER, C.J., and C. JOHNSON, MADSEN, SANDERS, BRIDGE, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.

Reconsideration denied November 20, 2007.

[No. 79025-6. En Banc.]
Argued March 20, 2007. Decided August 16, 2007.

---

[13] A similarly curative amendment to RCW 49.46.010 was passed in 2002. *See* LAWS OF 2002, ch. 354, § 231.