[No. 30545-7-III. Division Three. May 22, 2012.]

CHARLES ROSE, *Appellant*, v. ANDERSON HAY AND GRAIN COMPANY, *Respondent*.

*Gregory G. Staeheli* (of *Law Office of Gregory Staeheli*), for appellant.

*Ronald A. Van Wert* (of *Etter McMahon Lamberson Clary & Oreskovich PC*), for respondent.

¶1 BROWN, J. — Charles Rose sued his former employer, Anderson Hay and Grain Company (AHG), in the Kittitas County trial court for his alleged unlawful employment termination after a similar suit was dismissed in federal court for his failure to exhaust administrative remedies as set forth in 49 U.S.C. § 31105(b)(1). The trial court similarly dismissed his action. Mr. Rose appeals, contending he had the option to file his claim in federal court, state court, or

with the Secretary of Labor. Mainly, Mr. Rose urges us to reject or modify *Korslund v. DynCorp Tri-Cities Services, Inc.*, 156 Wn.2d 168, 183, 125 P.3d 119 (2005), which precludes his claim. We decline and affirm.

## FACTS

¶2 Mr. Rose worked as a commercial truck driver for AHG from March 2006 through November 2009. He alleges AHG terminated him for refusing to violate certain federal work regulations. On March 3, 2010, Mr. Rose sued in federal court, alleging his AHG termination violated the "Commercial Motor Vehicle Safety Act" (CMVSA) (49 U.S.C. ch. 311). AHG requested dismissal based on 49 U.S.C. § 31105(b)(1), providing that the Secretary of Labor has exclusive jurisdiction over initial complaints under the CMVSA. On August 6, 2010, the federal court dismissed Mr. Rose's complaint for lack of jurisdiction, three months after the expiration of the time limit for filing for administrative relief. Apparently, Mr. Rose chose not to pursue a federal appeal.

¶3 Instead, in September 2010, Mr. Rose sued in the Kittitas County Superior Court, alleging wrongful termination in violation of state public policy arising from alleged violations of 49 U.S.C. § 31105. Based partly on *Korslund*, AHG requested summary judgment dismissal of Mr. Rose's claim, arguing he failed to satisfy the jeopardy element necessary to maintain a public policy claim. AHG reasoned the CMVSA provides comprehensive remedies protecting the specific public policy identified by Mr. Rose. Thus, it argued an adequate alternative means of promoting the public policy exists that, as a matter of law, forecloses Mr. Rose's public policy cause of action.

¶4 The trial court agreed and on April 18, 2011, it summarily dismissed Mr. Rose's complaint. On transfer from our Supreme Court, we now consider his appeal.

## ANALYSIS

¶5 The issue is whether the trial court erred in summarily dismissing Mr. Rose's wrongful termination action in violation of public policy. While acknowledging *Korslund*, Mr. Rose nevertheless contends he should not be required to exhaust his administrative remedies before suing in state court.

¶6 We review summary judgment orders de novo, performing the same inquiry as the superior court. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 860, 93 P.3d 108 (2004). The superior court properly grants summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Morin v. Harrell*, 161 Wn.2d 226, 230, 164 P.3d 495 (2007) (citing CR 56(c)). In a summary judgment motion, the burden is on the moving party to demonstrate summary judgment is proper. *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990). We consider all the facts submitted and the reasonable inferences from them in the light most favorable to the nonmoving party. *Id.* We resolve any doubts about the existence of a genuine issue of material fact against the party moving for summary judgment. *Id.* "Summary judgment is appropriate only if, from all the evidence, reasonable persons could reach but one conclusion." *Lilly v. Lynch*, 88 Wn. App. 306, 312, 945 P.2d 727 (1997).

 ¶7 To establish a claim for wrongful discharge in violation of public policy, the plaintiff must prove a clear public policy exists (clarity element), discouraging the conduct in which the employee engaged would jeopardize the public policy (jeopardy element), and the policy-linked conduct caused the dismissal (causation element). *Korslund*, 156 Wn.2d at 178. To establish the jeopardy element, the plaintiff must show other means of promoting public policy are inadequate. *Cudney v. ALSCO, Inc.*, 172 Wn.2d

524, 530, 259 P.3d 244 (2011). Protecting the public is the policy that must be promoted, not protecting the employee's individual interests. *Id.* at 538.

¶8 The jeopardy element alone is disputed. Federal law prohibits an employer from discharging an employee who refuses to operate a vehicle in violation of federal regulations or standards related to commercial vehicle safety. 49 U.S.C. § 31105(a)(1)(B). An employee alleging discharge in violation of this statute may file a complaint with the Secretary of Labor no later than 180 days after the alleged violation occurred. 49 U.S.C. § 31105(b)(1). If the secretary determines an employer has violated the statute, the secretary can take affirmative action to abate the violation; reinstate the employee to the former position with the same pay and terms; and require the employer to pay compensatory damages, including back pay with interest and compensation for special damages sustained by the wrongful termination, including litigation costs, expert witness fees, and reasonable attorney fees. 49 U.S.C. § 31105(b)(3)(A)(i)-(iii). By its terms, nothing in the statute preempts or diminishes any other safeguards against discrimination, demotion, discharge, suspension, threats, harassment, reprimand, retaliation, or any other manner of discrimination provided by federal or state law. 49 U.S.C. § 31105(f).

¶9 As can be seen, the federal statute provides an adequate remedy. *Korslund* is instructive. The plaintiffs there claimed they were wrongfully terminated for reporting safety violations, mismanagement, and fraud at the Hanford Nuclear Reservation. The *Korslund* court held that because the federal Energy Reorganization Act of 1974, 42 U.S.C. § 5851, provided an administrative process for adjudicating whistleblower claims and provided for reinstatement, back pay, and other compensatory damages, an adequate remedy existed that protected the public interest. *Korslund,* 156 Wn.2d at 182-83.

¶10 And, in *Cudney,* the plaintiff claimed he was discharged after reporting his supervisor was drinking on the

job and had driven a company vehicle while intoxicated. The *Cudney* court held that the Washington Industrial Safety and Health Act of 1973, RCW 49.17.160, provided a sufficient administrative remedy, and that state laws on driving while intoxicated adequately protected the public. *Cudney*, 172 Wn.2d at 527.

¶11 Mr. Rose argues the federal statutory scheme does not preempt state remedies. But the question is not whether the federal act preempts state tort claims generally but whether a state tort claim for wrongful discharge in violation of public policy exists given that the federal act provides adequate protection of the public interest. *See Korslund*, 156 Wn.2d at 183. Recognizing that *Korslund* precludes him from establishing a claim, Mr. Rose urges us to reject *Korslund* or modify it. We decline. We are bound to follow *Korslund*. Moreover, the *Korslund* analysis was reaffirmed in *Cudney*. As to modifying *Korslund*, Mr. Rose argues the federal administrative remedy is not available to him because the federal statute of limitations expired before he filed his state suit. But the *Korslund* court foreclosed this argument when it reasoned the other means of protecting the public policy need not be available specifically to the plaintiff so long as the other means are adequate to protect the public policy. *Korslund*, 156 Wn.2d at 183.

¶12 In sum, we conclude the trial court correctly dismissed Mr. Rose's claim of wrongful termination in violation of public policy in light of federal statutes protecting truck drivers who refuse to violate safety regulations.

¶13 Affirmed.

KORSMO, C.J., and KULIK, J., concur.