IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37385-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| THOMAS MADISON CAREY, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Thomas Carey appeals the trial court's limitation of legal fees awarded him after a jury found he was not guilty of second degree assault by reason of self-defense. Mr. Carey's sole argument is that the "lodestar" method for calculating legal fees does not apply to the self-defense reimbursement statute. We disagree with this legal claim and therefore affirm.

No. 37385-1-III
*State v. Carey*


FACTS

The trial court ordered the State to reimburse Thomas Carey $122,431.31 in legal fees and costs under RCW 9A.16.110 after he was acquitted of second degree assault on the basis of self-defense. Mr. Carey had sought $278,879.84.

A breakdown of Mr. Carey's request for fees and costs, and the trial court's award, is set forth below:

| Fee / Cost | Amount Sought | Amount Awarded |
|---|---|---|
| Partovi Law, P.S. (Legal Fees) | Flat Fee Pretrial Retainer $10,000.00<br><br>Flat Fee Trial Retainer $250,000.00<br><br><br>Subtotal: $260,000.00 | Attorney Fees ($300.00/hr. x 397.6 hrs.): $119,280.00<br><br>Paralegal / Office Staff Fees ($125.00/hr. x 22.4 hrs.): $2,800.00<br><br>Subtotal: $122,080.00 |
| Pulver Investigations | $2,000.00 | $0.00 |
| Law Office of Jeffrey R. Chapdelaine P.C. (Consulting Fees) | $10,000.00 | $0.00 |
| G/T Investigations, Inc. (Service of Subpoena) | $50.00 | $50.00 |
| Bos Investigations | $150.00 | $150.00 |
| Spokane County Sheriff (Public Disclosure Request) | $1.31 | $1.31 |
| Behind the Gavel, LLC (Litigation Support) | $150.00 | $150.00 |
| Closing Costs to Refinance House | $6,528.53 | $0.00 |
| **Totals:** | **$278.879.84** | **$122,431.31** |

The most significant difference between Mr. Carey's request and the trial court's award is that the court refused to fully reimburse Mr. Carey $250,000 for the flat fee trial retainer agreement he entered into with his defense counsel. Instead, the court calculated a reasonable legal fee using the lodestar method. Although Mr. Carey's attorney requested any hourly rate calculation of his fees be at $500, the court used a $300 hourly rate for attorney time and a $125 hourly rate for paralegal and staff time. With these rates, the court compensated the office of Mr. Carey's attorney for all hours spent on Mr. Carey's case. The court denied Mr. Carey's requests for some investigative fees, consulting fees and refinancing costs because Mr. Carey had not supplied adequate documentation.

Mr. Carey timely appeals the trial court's order on legal fees and costs.

ANALYSIS

Mr. Carey contends the trial court improperly limited his legal fee award. He argues the lodestar method is not the baseline for assessing fees under RCW 9A.16.110. Instead, he argues the court is required to award all fees actually incurred unless they are deemed unreasonable. Here, the trial court never made a finding that the $250,000 flat fee trial retainer agreement was unreasonable. Given this circumstance, Mr. Carey argues the court was required to reimburse his entire request for $278.879.84 in legal fees.

3

No. 37385-1-III
*State v. Carey*

Mr. Carey's argument is rooted in a claim of legal error. Our review is therefore de novo. *TracFone Wireless, Inc. v. Dep't of Revenue*, 170 Wn.2d 273, 281, 242 P.3d 810 (2010).

The self-defense reimbursement statute provides as follows:

> When a person charged with [a violent crime] is found not guilty by reason of self-defense, the state of Washington shall reimburse the defendant for all reasonable costs, including loss of time, legal fees incurred, and other expenses involved in his or her defense. This reimbursement is not an independent cause of action. To award these reasonable costs the trier of fact must find that the defendant's claim of self-defense was sustained by a preponderance of the evidence. If the trier of fact makes a determination of self-defense, the judge shall determine the amount of the award.

RCW 9A.16.110(2).

The statute states that it is the trial judge, not the jury or defense counsel, who determines the reasonable amount of a fee award. However, no specific guidance is provided in the statute as to how the award should be calculated. When it comes to legal fees, the statute merely requires the fees be actually incurred and that they are reasonable.

The question of how to interpret statutory authorization to award reasonable legal fees is not new. Numerous statutes permit courts to award reasonable costs, including legal fees, to prevailing parties.[1] Most, if not all, of the statutes are silent as to how fees

---

[1] *See, e.g.*, chapter 4.84 RCW (defining variety of costs available in different actions).

4

are to be calculated. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 594, 675 P.2d 193 (1983).

Our courts have addressed legislative silence on the methodology for legal fee awards by designating the lodestar principle as the default rule. *Id*. at 597. The first step under the lodestar approach is to calculate a fee by multiplying the number of hours reasonably expended by a reasonable rate of compensation. *Id*. This initial calculation does not necessarily constitute a reasonable fee. *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 151, 859 P.2d 1210 (1993). But the "burden of justifying any deviation" from the initial calculation rests with "the party proposing the deviation." *Bowers*, 100 Wn.2d at 598 (quoting *Copeland v. Marshall*, 641 F.2d 880, 892 (D.C. Cir. 1980)).

RCW 9A.16.110 has been significantly amended twice since 1983 when *Bowers* identified the lodestar method as the default rule in Washington for legal fee calculations. LAWS OF 1989, ch. 94, § 1; LAWS OF 1995, ch. 44, § 1. Nothing in the wording of this statute is inconsistent with utilizing a lodestar approach. We assume the legislature is aware of our case law when amending statutes. *State v. Theilken*, 102 Wn.2d 271, 276, 684 P.2d 709 (1984). We therefore interpret RCW 9A.16.110 as contemplating the standard process of reimbursing reasonable legal fees; this means utilizing the lodestar methodology. The trial court did not commit legal error in making this determination.

We note the trial court did not depart from the lodestar methodology when it commented Mr. Carey had yet to pay his attorney the $250,000 flat fee trial retainer. Regardless of whether Mr. Carey had paid the retainer, the court was still required to begin its analysis with a lodestar calculation. A finding that Mr. Carey had actually paid the retainer may have prompted the trial court to adjust its lodestar fee calculation. But the amount of the retainer agreement was not relevant to the court's initial calculation.

A trial court's application of the lodestar methodology is reviewed for abuse of discretion. *Chuong Van Pham v. City of Seattle*, 159 Wn.2d 527, 538, 151 P.3d 976 (2007). Mr. Carey never argues the trial court abused its discretion in applying the lodestar rationale. In fact, his brief lacks a section identifying assignments of error as required by RAP 10.3(a)(4) and (g). Mr. Carey does briefly complain that the trial court arbitrarily reduced his attorney's hourly rate from $500 to $300. However, Mr. Carey does not argue the trial court's reduction misapplied the lodestar method or that remand is required on this point. Given the lack of a clear assignment of error and substantive briefing, we decline to further address the issue of whether the trial court abused its discretion in calculating legal fees under the lodestar method. *See Bohn v. Cody*, 119 Wn.2d 357, 368, 832 P.2d 71 (1992).

No. 37385-1-III
*State v. Carey*

CONCLUSION

The order on reimbursement of legal fees and costs is affirmed. The parties shall bear their own appellate costs.

_____
Pennell, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

7