[No. 18988-1-III.   Division Three.   February 27, 2001.]

JOHN E. KOBZA, ET AL., *Respondents*, v. LARRY T. TRIPP, ET AL., *Appellants*.

*Pamela H. Rohr* (of *Trunkenbolz & Rohr, P.L.L.C.*), for appellants.

*Jerry L. Kagele* (of *Kagele Law Office*), for respondents.

SWEENEY, J. — A quiet title action is an equitable action. It allows a party in peaceable possession of real property to compel others who assert a hostile right to assert that right and submit it to judicial determination. Because it is an equitable action, damages are not ordinarily allowed in a quiet title action. 17 WILLIAM B. STOEBUCK, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 10.11, at 630 (1995). Here, John Kobza, Jay Kobza, and Mary Fish (the Kobzas) sued to quiet title to an easement because Larry and Alna Tripp[1] claimed that the easement had reverted by abandonment and adverse possession. The Kobzas' sale of the property for $35,000 fell through because of the Tripps' assertion. The court quieted title in the Kobzas and then awarded them $35,000 for the loss of the sale.

The question before us is whether the Kobzas' "Complaint to Quiet Title and for Injunction" alleges, and whether the court's findings of fact and conclusions of law support, a cognizable legal theory for the recovery of damages. We conclude that the complaint does not state a cause of action for damages, nor do the court's findings and conclusions support any legally cognizable cause of action for the recovery of damages. We therefore reverse the award of damages.

---

[1] We note that this is the correct spelling of Ms. Tripp's name. Clerk's Papers at 87.

## FACTS

The Kobzas' parents, the Tripps, and a third family jointly owned several tracts of property in Spokane County. The property was divided in the early 1970s. The parents and the Tripps exchanged quitclaim deeds for four of the tracts. The parents retained an easement over the Tripps' lots. They also filed notice of the easement in the quitclaim deed to the Tripps. In 1972, the Kobzas' parents permitted the Tripps to construct a fence that blocked the easement.

The Kobzas' parents divorced in the mid-1980s. And they quitclaimed their interests in tracts 1 and 2 to their three children, John E. and Jay Kobza and Mary Fish. In 1994, the Kobzas agreed to sell the property for $35,000. The Kobzas promised the buyers a useable easement to the property and a closing date of January 31, 1995. But before the closing date, the Tripps told the buyers that the easement was null and void. The buyers backed out of the sale.

The Kobzas then sued the Tripps to quiet title, for an injunction, and for damages. The trial judge found the easement valid and quieted title in the Kobzas. She also found that the wrongful denial of the easement caused the Kobzas to lose the sale. And based on that finding the court awarded the Kobzas the full sale price, $35,000, along with statutory attorney fees and costs, and interest.

The Tripps moved for reconsideration of the damage award. They argued that the land was not without value just because the sale fell through. The Kobzas responded that the Tripps had the burden to limit their damages. And by failing to present a defense limiting damages, the Tripps waived the defense. The trial court denied the Tripps' motion for reconsideration.

## DISCUSSION

Both parties argue only the propriety of the court's damage award. But in order to reach that question, we

must first decide the cause of action upon which any damage award would be predicated. Both parties here apparently assume the element of a valid cause of action for damages and, therefore, dispute only the measure of damages.

But the complaint alleges no cause of action upon which the court could base a damage award. Paragraph 7 simply complains about the defendants' interference with the easement:

> Defendants have refused to allow Plaintiffs the use of said easement and are claiming that said easement has reverted to Defendants by abandonment and adverse possession. As a result of Defendants' actions, Plaintiffs have been unable to sell their property and have been damaged by Defendants' actions in sums to be proven at the time of trial of this matter.

Clerk's Papers (CP) at 4. The troubling questions here are first, whether the "defendants' actions" provide a legally cognizable basis for a damage award. *Berge v. Gorton*, 88 Wn.2d 756, 762-63, 567 P.2d 187 (1977) (a complaint must contain allegations to support a legal basis for recovery). And second, whether we can construe the court's findings of fact in a way that would support any conclusion of law for a legally cognizable cause of action for damages. *Price v. Kitsap Transit*, 125 Wn.2d 456, 465-66, 886 P.2d 556 (1994) (our review is limited to whether substantial evidence supports the findings, and whether the findings support the conclusions of law and judgment). In pertinent part the court's findings read:

> 19. Defendants have refused to allow plaintiffs the use of said easement and, as a result, plaintiffs lost the real estate sale.

CP at 98. What is missing are any findings which would support a legal cause of action for damages. The complaint accordingly does not allege, nor do the findings support, any cause of action for damages.

*Standard of Review.* The question of damages is usually discretionary and therefore for the trier of fact, so

long as it falls within the range of relevant evidence. *Rorvig v. Douglas*, 123 Wn.2d 854, 861, 873 P.2d 492 (1994); *Shields v. Garrison*, 91 Wn. App. 381, 386, 957 P.2d 805, 967 P.2d 1266 (1998). But the appropriate measure of damages for a given cause of action is a question of law, which we review de novo. *Fisher Props., Inc. v. Arden-Mayfair, Inc.*, 106 Wn.2d 826, 843, 726 P.2d 8 (1986).

■ *Quiet Title Action.* An action to quiet title is equitable and designed to resolve competing claims of ownership. In Washington, such actions are governed by RCW 7.28.010.[2] An action to quiet title allows a person in peaceable possession or claiming the right to possession of real property to compel others who assert a hostile right or claim to come forward and assert their right or claim and submit it to judicial determination. Even if the claim asserted (here the absence of an easement) is absolutely invalid, the parties are still entitled to a decree saying so. *McGuinness v. Hargiss*, 56 Wash. 162, 164, 105 P. 233 (1909), *overruled on other grounds by Rorvig*, 123 Wn.2d 854. Another and more colorful way of stating the same proposition is that "the object of the statute is to authorize proceedings 'for the purpose of stopping the mouth of a person who has asserted or who is asserting a claim to the plaintiff's property. It is not aimed at a particular piece of evidence, but at the pretensions of the individual[.]' " *McGuinness*, 56 Wash. at 164 (quoting *Castro v. Barry*, 79 Cal. 443, 21 P. 946 (1889)).

■ Because a quiet title action is a claim for equitable relief, damages are ordinarily not allowed. 17 WILLIAM B. STOEBUCK, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 10.11, at 630 (1995); *Haueter v. Rancich*, 39 Wn. App. 328, 331, 693 P.2d 168 (1984) (quiet title is an action in equity); *Jack B. Parson Cos. v. Nield*, 751 P.2d 1131, 1133 (Utah

---

[2] "Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein, and may have judgment in such action quieting or removing a cloud from plaintiff's title[.]" RCW 7.28.010.

1988) (quiet title actions are statutory in nature, and damages are unavailable if not authorized by statute); *Pampell Interests, Inc. v. Wolle,* 797 S.W.2d 392, 395 (Tex. App. 1990) (damages are unavailable for quiet title actions). The relief is spelled out in the statute. The plaintiff "may have judgment in such action quieting or removing a cloud from plaintiff's title[.]" RCW 7.28.010. And for that reason, quiet title actions are frequently coupled with other *legal* causes of action such as ejectment,[3] unlawful detainer,[4] or (and probably most appropriately here) slander of title.[5]

The complaint here sets out the elements for a quiet title action but then requests damages for the lost sale simply because "Defendants have refused to allow Plaintiffs the use of said easement and are claiming that said easement has reverted to the Defendants by abandonment and adverse possession." CP at 4. The Tripps have the right to contest the easement by resisting an *equitable* quiet title action without being subject to a damage award, at least in the absence of some pleading, or proof, of some other *legal* cause of action.

In sum, before we can consider the propriety of the court's damage award, we must know the cause of action on which it is based. Here, there is no cause of action stated nor is there any identified in the court's findings. We have then neither the authority nor the inclination to try to force this square peg (the facts here) into some round hole (a viable legal cause of action for damages).

The Kobzas prayed for equitable relief, quiet title, and injunction. And the court granted that relief.

---

[3] *Lingvall v. Bartmess,* 97 Wn. App. 245, 247, 982 P.2d 690 (1999).

[4] *Puget Sound Inv. Group, Inc. v. Bridges,* 92 Wn. App. 523, 525, 963 P.2d 944 (1998).

[5] *Rorvig,* 123 Wn.2d at 855.

We therefore reverse only that portion of the trial court's judgment awarding special damages.

KURTZ, C.J., and GREEN, J. Pro Tem., concur.

Reconsideration denied March 28, 2001.