[No. 37769-1-II.   Division Two.   November 9, 2009.]

WOODFIELD NEIGHBORHOOD HOMEOWNER'S ASSOCIATION, *Respondent*, v. RICARDO G. GRAZIANO, *Appellant*.

*James V. Handmacher* (of *Morton McGoldrick PS*), for appellant.

*Werner Boettcher*, for respondent.

¶1 QUINN-BRINTNALL, J. — In this case, we are asked to decide whether Ricardo Graziano can apply for a permit to build a home on a parcel of property that he purchased at a

Pierce County tax foreclosure sale. Graziano appeals the trial court's grant of summary judgment in favor of the Woodfield Neighborhood Homeowner's Association, d/b/a English Gardens Homeowner's Association (Woodfield), which ruled that the parcel, tract A of the Woodfield Estates-Division I plat, is restricted to recreational and park use. Specifically, Graziano argues that (1) the language on the face of the Woodfield plat does not evidence a present intent to create a restrictive covenant and, thus, his land cannot be subject to any such restriction and (2) he is entitled to a "[j]udgment quieting title . . . free and clear of any interest of plaintiff, and declaring that such property is not subject to any use restriction arising out of the plat of Woodfield Estates Division I or the Declaration of Covenants, Conditions and Restrictions thereto." Clerk's Papers (CP) at 9.

¶2 After preliminary review of the briefing in this matter, we ordered the parties to submit supplemental briefs on the issue of whether Pierce County is a necessary party to the action. *Treyz v. Pierce County*, 118 Wn. App. 458, 462, 76 P.3d 292 (2003) (joinder issues may be raised for the first time on appeal because a trial court lacks jurisdiction if all necessary parties are not joined), *review denied*, 151 Wn.2d 1022 (2004); *see also State v. Aho*, 137 Wn.2d 736, 740-41, 975 P.2d 512 (1999) (this court has the authority to determine whether a matter is properly before the court). In their supplemental briefs, each party argues that Pierce County is not a necessary party. We disagree, vacate the trial court's summary judgment order, and remand.

## DISCUSSION

¶3 Under CR 19, a trial court must determine which parties are "necessary" for a just adjudication. But here, neither party raised the issue of whether Pierce County was a necessary party for the trial court to determine. Because the trial court lacks jurisdiction to adjudicate a dispute if all necessary parties are not before it, this

issue may be raised for the first time on appeal by either party or this court. RAP 2.5(a)(1), 12.1(b); *see Greengo v. Pub. Emps. Mut. Ins. Co.*, 135 Wn.2d 799, 813, 959 P.2d 657 (1998) ("RAP 12.1(b) means exactly what it says: This court may raise issues sua sponte and may rest its decision thereon."); *Obert v. Envtl. Research & Dev. Corp.*, 112 Wn.2d 323, 333, 771 P.2d 340 (1989) ("[RAP 12.1(b)] clearly allows a new issue to be raised by the appellate court."); *Alverado v. Wash. Pub. Power Supply Sys.*, 111 Wn.2d 424, 429, 759 P.2d 427 (1988) (appellate court has "inherent authority to consider issues not raised by the parties if necessary to reach a proper decision" (citing RAP 12.1(b))), *cert. denied*, 490 U.S. 1004 (1989).

¶4 A party is necessary if that party's absence "would prevent the trial court from affording complete relief to existing parties to the action or *if the party's absence would either impair that party's interest or subject any existing party to inconsistent or multiple liability.*" *Coastal Bldg. Corp. v. City of Seattle*, 65 Wn. App. 1, 5, 828 P.2d 7 (emphasis added), *review denied*, 119 Wn.2d 1024 (1992). If a necessary party is absent, the trial court must determine whether joinder is feasible. CR 19(a). If a necessary party cannot be joined, the trial court must decide whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." CR 19(b).

¶5 Although some of the issues between these parties might be decided in this action without affecting Pierce County's rights, the relief that Graziano requests, title free and clear of any restrictions arising out of the Woodfield Estates-Division I plat, cannot. Graziano seeks title clear of *any* restrictions arising out of the Woodfield Estates plat. And, in his opening brief, he challenges the validity of the Pierce County treasurer's deed restriction that described the property as "Tract A . . . 'dedicated to Homeowners Association for parkc [sic] & recreational uses.'" Br. of Appellant at 12 (alteration in original) (quoting CP at 53).

¶6 Pierce County approved the Woodfield Estates plat on the condition that a portion of the development would be dedicated to Woodfield for parks and recreation; and Pierce County's treasurer's deed contained this recreational use restriction for tract A. The condition and restriction demonstrates the county's interest in requiring that Woodfield provide recreational opportunities for the new subdivision's families on site, thereby relieving these families' additional demands on existing off-site public recreational facilities. Moreover, this condition enforced section 19A.70.020(A)(3) of the Pierce County Code,[1] which requires subdivisions to make provision for recreational space.

¶7 Accordingly, we hold that Pierce County is a necessary party to this dispute. Because Pierce County is a necessary party, the trial court could not grant the relief requested without the county's presence. *See Bainbridge Citizens United v. Dep't of Natural Res.*, 147 Wn. App. 365, 198 P.3d 1033 (2008) (a trial court lacks jurisdiction if all necessary parties are not joined).

¶8 We vacate the trial court's summary judgment order and remand for further proceedings consistent with this opinion.

BRIDGEWATER and HUNT, JJ., concur.

---

[1] Pierce County Code section 19A.70.020(A)(3) provides that a solution to housing issues is to "[p]rovide for open space and recreational facilities associated with residential developments." Pierce County originally enacted this language under section 19A.70.020(C) in 1994. Pierce County Ordinance 94-82s (Nov. 29, 1994) (effective Jan. 1, 1995). Additionally, in 2002, Pierce County adopted into its code section 18J.15.020(D), which provides, "Recreational or open space lands shall be dedicated within all new residential developments of 5 dwelling units or more to provide open space or recreational facilities for the use and enjoyment of the residents." Pierce County Ordinance 2002-113s (Nov. 12, 2002) (effective Dec. 1, 2002). This sufficiently shows that at all relevant times in this case, Pierce County has maintained an interest in residential developments having associated recreational and park facilities.