IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Dependency of | ) | |
| | ) | No. 76111-1-I |
| LS, | ) | |
| DOB: 05/13/2000, | ) | DIVISION ONE |
| | ) | |
| Minor child, | ) | |
| | ) | |
| LS, | ) | |
| | ) | |
| Respondent, | ) | PUBLISHED OPINION |
| | ) | |
| v. | ) | FILED: October 2, 2017 |
| | ) | |
| PA, | ) | |
| | ) | |
| Appellant. | ) | |

COURT OF APPEALS DIV I
STATE OF WASHINGTON
2017 OCT -2 AM 9: 13
FILED

BECKER, J. — A teenage girl who felt unsafe at home brought this action to have herself declared dependent so that she could continue to live apart from her mother. The mother seeks to have the order of dependency vacated on the ground that the Department of Social and Health Services was not joined as a party. The mother did not argue below that the department should be joined, and she has not identified a proper basis for considering the issue for the first time on appeal. We affirm.

## FACTS

In fall of 2015, LS, then 15 years old, entered into counseling to deal with the anxiety and panic attacks she was experiencing. In January 2016, LS disclosed that her older brother had sexually abused her when she was younger. Her counselor reported this to Child Protective Services (CPS).

At the time, LS was staying with a friend and she refused to return home. A CPS family assessment response team interviewed LS and members of her family and made a written determination for the department that the family home was safe for LS because her brother no longer lived there. "The Department is not taking any action at this time to place [LS] outside of her home. Due to her brother no longer residing in the home, the Department does not feel that there are any active safety threats." The department anticipated that LS would remain with her friend's family on a short-term basis and that the family would "receive services to help her transition back home."

LS, acting pro se, filed a dependency petition on February 8, 2016. Using an online court form, she filled in the space for facts supporting the allegation of dependency with a 26-paragraph summary of the problems in her family life. These included:

- Her father is currently imprisoned for raping her older sister for a number of years.
- Her father physically abused her, her mother, and her siblings.
- Her mother allowed and even encouraged her father to physically abuse her.

- She was not sure her mother believed that she had been sexually abused by her brother. Her mother "doesn't understand why I don't feel safe." She was not sure that her older brother would stay away from the family's apartment. "I disagree with CPS stating that my home is no longer unsafe."

- Her mother did not pay attention to her educational needs, did not attend to her medical needs, and denied she suffered from anxiety and panic attacks. Her mother's current husband "gets angry. . . . I have a hard time trusting him."

- She was experiencing thoughts of self-harm and suicide.

Thereafter, LS was represented by counsel. LS's mother contested the dependency petition. LS's father, still incarcerated, agreed to an order of dependency.

The court issued a shelter care hearing order on February 18, 2016. The court found that LS was in need of shelter care "based on her high anxiety and possibility of self harm." The order provided that LS would remain in shelter care in the temporary custody of the couple she was living with. At her own discretion, she could have visitation with her mother and siblings. The court ordered family and individual counseling, with the goal of "reunification in a safe manner." The department did not participate in the shelter care hearing and was not a party to the order.

The dependency hearing took place over a total of nine days in October 2016. The department was not a party, and no one suggested that the

department should be joined as a party. The CPS interviewer testified that the department had "no reason to be in the family's life" and did not consider joining LS's dependency petition. She said the department would have been involved in the case only if there was a safety concern.

The court entered an order finding LS dependent as defined in RCW 13.34.030(6)(c) ("has no parent, guardian, or custodian capable of adequately caring for the child"). According to the court's findings, which are unchallenged on appeal, LS needs therapy and "a stable, structured environment where she feels both supported and emotionally and mentally safe." LS's mother is a survivor of abuse and is struggling with mental health issues of her own. The mother "minimizes or refuses to acknowledge" the severity and even the reality of LS's trauma. The mother does not understand the seriousness of her daughter's mental health condition and is unable to understand "appropriate roles and boundaries" when communicating with her. The court found that allowing LS to be returned to her mother's care would place LS "at serious risk of substantial harm and substantial damage" to her psychological and physical development.

LS's mother filed this timely appeal from the order of dependency. She argues that the department is a necessary party in a dependency proceeding and that because the department was not joined as a party, the trial court lacked subject matter jurisdiction and the dependency order must be vacated.

Several months after the appeal was filed, LS moved the trial court to join the department as a party to the ongoing dependency proceedings. LS wanted the department to provide services for her and her family. Her mother resisted

the motion. She asserted that the desired service—family therapy—was available through the family's medical insurance. She expressed concern about department involvement because her past experiences with the department were not positive.[1] Over the mother's objection, the court granted the motion, finding that joining the department was "necessary for this youth and her family to have the appropriate services, visitation and oversight."

At this court's request, the parties briefed the question of whether the mother's appeal is moot now that the department is a party. The parties agree that the appeal is not moot. A case is moot when the court can no longer provide effective relief. In re Dependency of H., 71 Wn. App. 524, 859 P.2d 1258 (1993). If the mother's argument is correct, this court not only can but must grant the relief she requests—vacation of the dependency order. Where a court lacks subject matter jurisdiction to issue an order, the order is void. In re Marriage of Buecking, 179 Wn.2d 438, 446, 316 P.3d 999 (2013), cert. denied, 135 S. Ct. 181 (2014). If the dependency order is void because the department was not a party, making the department a party after the dependency order was entered would not cure the order's invalidity. Accordingly, we conclude the appeal is not moot.

## SUBJECT MATTER JURISDICTION

Below, LS's mother did not argue that the department is a necessary party in dependency proceedings. She contends she may raise the issue for the first

---

[1] The record of the hearing on this motion came before this court in a motion for discretionary review of orders addressing visitation issues.

time on appeal because the failure to join a necessary party deprives a trial court of subject matter jurisdiction.

An appellate court may refuse to review any claim of error not raised in the trial court. RAP 2.5(a). However, a party may raise a claim of lack of trial court jurisdiction for the first time on appeal. RAP 2.5(a). A question as to subject matter jurisdiction is reviewed de novo. Buecking, 179 Wn.2d at 443.

Article IV, section 6 of the Washington Constitution grants to superior courts "original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court." There is no other court exclusively vested with subject matter jurisdiction in dependency proceedings.

The mother argues, though, that the superior court's subject matter jurisdiction depends on joinder of necessary parties. This court rejected that argument in MHM & F, LLC v. Pryor, 168 Wn. App. 451, 458, 277 P.3d 62 (2012). We followed Supreme Court cases that identify article IV, section 6 as the source of the superior court's subject matter jurisdiction, and we noted that exceptions to the constitution's jurisdictional grant are narrowly construed. Pryor, 168 Wn. App. at 459.

Appellant asks this court to abandon Pryor and hold instead that a trial court lacks jurisdiction to adjudicate a matter if all necessary parties are not joined. In support of this argument, she cites a trio of cases from Division Two in which the failure to join a necessary party is referred to as a jurisdictional issue: Woodfield Neighborhood Homeowner's Ass'n v. Graziano, 154 Wn. App. 1, 3,

225 P.3d 246 (2009); Treyz v. Pierce County, 118 Wn. App. 458, 462, 76 P.3d 292 (2003), review denied, 151 Wn.2d 1022 (2004); and Henry v. Town of Oakville, 30 Wn. App. 240, 633 P.2d 892 (1981), review denied, 96 Wn.2d 1027 (1982).

Woodfield was a quiet title action challenging the validity of a Pierce County treasurer's deed restriction. Pierce County was not joined as a party. The trial court entered a judgment without the county's participation. The appellate court raised the issue of nonjoinder sua sponte, decided that the county was a necessary party, and ordered vacation of the judgment. The court determined that the necessary party issue could be raised for the first time on appeal, in part because "the trial court lacks jurisdiction to adjudicate a dispute if all necessary parties are not before it." Woodfield, 154 Wn. App. at 3. For this proposition, the court cited Treyz, a case that in turn cites Henry.

Close examination of Woodfield shows that any error committed by the trial court by entering a judgment without joining the county as a party was procedural, not jurisdictional. The Washington Constitution specifically mentions "cases at law which involve the title or possession of real property" as being within the superior court's subject matter jurisdiction. WASH. CONST. art. IV, § 6. Because a superior court indisputably has subject matter jurisdiction in a quiet title action, the Woodfield court's reference to lack of jurisdiction as a justification for raising the nonjoinder issue for the first time on appeal was inaccurate. It was also unnecessary. As noted in Woodfield, it is well established that an appellate court has inherent discretionary authority to reach an issue not briefed by parties

7

if the issue is necessary for decision. See State v. Aho, 137 Wn.2d 736, 741, 975 P.2d 512 (1999), cited in Woodfield, 154 Wn. App. at 3; see also Cole v. Harveyland, LLC, 163 Wn. App. 199, 207, 258 P.3d 70 (2011).

Notable in cases relied on by appellant is the absence of any discussion of the constitutional source of the superior court's subject matter jurisdiction. The cases exemplify the problem of improvident use of the term "subject matter jurisdiction. "Courts do not lose subject matter jurisdiction merely by interpreting the law erroneously." In re Marriage of Major, 71 Wn. App. 531, 535, 859 P.2d 1262 (1993). It is a "fundamental concept of our jurisprudence" that courts have broad powers to hear all manner of controversies unless explicitly limited. Major, 71 Wn. App. at 535.

Two of the cases cited by appellant are declaratory judgment cases. In Treyz, the court states that the superior court "lacks jurisdiction" if necessary parties are not joined. Treyz, 118 Wn. App. at 462. In Henry, the court states that nonjoinder of a necessary party "relates directly to the trial court's jurisdiction." Henry, 30 Wn. App. at 243. Both cases cite a Supreme Court case, Williams v. Poulsbo Rural Telephone Ass'n, 87 Wn.2d 636, 643, 555 P.2d 1173 (1976). Appellant, accordingly, argues that Williams is a Supreme Court holding that the superior court's subject matter jurisdiction is limited by the rules of joinder. But to the extent Williams makes that suggestion, it was overruled in Chemical Bank v. Washington Public Power Supply System, 102 Wn.2d 874, 887-88, 691 P.2d 524 (1984), cert. denied, 471 U.S. 1065, 1075 (1985). By characterizing the failure to join interested parties in a declaratory judgment

action as a jurisdictional defect, Williams inaccurately implied that an application to intervene could not be dismissed as untimely. Chem. Bank, 102 Wn.2d at 887-88. Treyz fails to note the overruling.

"Simply put, the existence of subject matter jurisdiction is a matter of law and does not depend on procedural rules." ZDI Gaming, Inc. v. State ex rel. Wash. State Gambling Comm'n, 173 Wn.2d 608, 617, 268 P.3d 929 (2012). Equating procedural requirements with jurisdictional necessities undermines the finality of judgments. When a tribunal lacks subject matter jurisdiction, it means there is no time limit on appeal. Void judgments may be vacated irrespective of the lapse of time. Major, 71 Wn. App. at 533; In re Marriage of Leslie, 112 Wn.2d 612, 618, 772 P.2d 1013 (1989). "A party's ability to raise procedural defects at any time could result in abuse and cause a huge waste of judicial resources." Okanogan Wilderness League, Inc. v. Town of Twisp, 133 Wn.2d 769, 790, 947 P.2d 732 (1997) (Durham, C.J., concurring), cited in Dougherty v. Dep't of Labor & Indus., 150 Wn.2d at 310, 319, 76 P.3d 1183 (2003), and Ralph v. Dep't of Nat. Res., 182 Wn.2d 242, 257, 343 P.3d 342 (2014). In the present case, for example, the superior court presided over numerous hearings, heard the relevant evidence, and reached a reasonable decision. To vacate the order of dependency and allow the proceedings to begin anew would indeed be "a huge waste of judicial resources."[2]

---

[2] Unfortunately, some sections of Washington Practice lend credence to arguments that a procedural error "deprives" the superior court of subject matter jurisdiction. For example, the section on CR 19 states: "If the trial court was not asked for a ruling under CR 19, can the lack of a necessary party be raised for the first time on appeal—on the theory that the lack of a necessary party deprives

In <u>Buecking</u>, the alleged error not raised in the superior court was the failure to observe the 90-day statutory waiting period in a dissolution. The court held it was a legal error, but it did not result in loss of jurisdiction. In <u>Major</u>, the alleged error not raised until the filing of a CR 60(b)(5) motion was an order awarding postsecondary education support for an adult child. The court held that the alleged error was not jurisdictional and the order was not void. Similarly here, the court's failure to join the department as a party before entering the order of dependency did not result in loss of jurisdiction and would not do so even if it amounted to error. The constitutional grant of jurisdiction remains constant. There may be legitimate justifications for raising an issue of nonjoinder for the first time on appeal, but lack of subject matter jurisdiction is not one of them.

We hold that the order of dependency is not void for lack of subject matter jurisdiction.

---

the superior court of subject matter jurisdiction? Despite decades of appellate-level litigation, the question has never been completely resolved." 3A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE CR 19 author's cmt. 11, at 61 (6th ed. Supp. 2017). Other <u>Washington Practice</u> sections referring to this issue are 11.22.50, 31.8, 31.9, 42.14, and 88.11. As evidence that Supreme Court decisions allow the legislature to create limitations on the superior court's subject matter jurisdiction, <u>Washington Practice</u> cites this court's dicta in <u>Shoop v. Kittitas County</u>, 108 Wn. App. 388, 30 P.3d 529 (2001), <u>affirmed on other grounds</u>, 149 Wn.2d 29, 65 P.3d 1194 (2003). 14 KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE: § 3:2, at 5 n.9 (2d ed. Supp. 2016). But that citation fails to recognize that the Supreme Court's decisions in <u>Shoop</u> and its companion case, <u>Young v. Clark</u>, 149 Wn.2d 130, 65 P.3d 1192 (2003), held that venue statutes are *not* jurisdictional. The court *overruled* prior cases holding to the contrary. <u>Shoop v. Kittitas County</u>, 149 Wn.2d 29, 37, 65 P.3d 1194 (2003); <u>Young</u>, 149 Wn.2d at 134.

## ALTERNATE GROUNDS FOR REVIEW

Alternatively, appellant argues that the issue of whether the department was a necessary party may be reviewed for the first time on appeal either under RAP 1.2(c), which provides that "the appellate court may waive or alter the provisions of any of these rules in order to serve the ends of justice," or by use of the court's discretion to review a matter when there is a substantial public interest in having the issue decided, as in State v. Blazina, 182 Wn.2d 827, 838, 344 P.3d 680 (2015).

Under the civil rules, joinder must occur "if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (A) as a practical matter impair or impede the person's ability to protect that interest." CR 19(a).

Appellant's argument under CR 19(a) is vague and not well developed. She argues that the department's absence as a party may impair "the State's ability to protect its interests" in the dependency action. And she says that the department's absence "deprived the trial court of the ability to make a complete, effective, and just determination of the controversy" consistent with the legislative goals of the dependency statutes, chapter 13.34 RCW. Appellant fails to specify exactly what the State's interest is and how the State's ability to protect that interest was impaired or impeded. She fails to show that complete relief was not granted between LS and her mother. She does not explain how the superior court's resolution of LS's dependency petition was incomplete, ineffective, or

11

unjust. The superior court entered proper dependency findings of fact and a disposition order. The allegedly necessary party—the department—was unaffected by the outcome.

The dependency statutes do not compel our review of the issue. There is no statutory requirement for the department to be a party. "Any person" may file a dependency petition in superior court. RCW 13.34.040(1). See In re Dependency of Schermer, 161 Wn.2d 927, 935-37, 169 P.3d 452 (2007) (despite department's opposition, the court heard dependency petition filed by the youth's parents). Upon the filing of the petition, a summons is to be issued to the child (if age 12 or over) and another summons to the parents, guardian, or custodian. A summons may also be issued to "such other persons as appear to the court to be proper or necessary parties." RCW 13.34.070. This statutory language calls for the court to make a case-by-case determination of necessary parties other than those designated. It does not make the department a necessary party in every dependency proceeding.

In this case, the court has now joined the department as a party. Appellant has not shown that the issue raised for the first time on appeal is of substantial public interest or that reviewing it is necessary to serve the ends of justice.

Affirmed.

Becker, J.

WE CONCUR:

Trickey, ACJ

Leach, J.